IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AFCO STEEL, LLC, as successor to
WWSC ACQUISITION CORP.                                            PLAINTIFF

vs.                         CASE NO. 4:03CV00189GH

FRED I. BROWN, JR., ET AL.                                        DEFENDANTS

## ORDER

On July 29, 2005, the United States Magistrate Judge entered an Order granting defendants' motion for leave to file a first amended answer to the amended complaint and denied plaintiff's motion for leave to file a second amended complaint. Plaintiff filed a request for reconsideration of this Order and simultaneously filed a motion to appeal the Magistrate Judge's ruling. On August 15, 2005, the Magistrate Judge entered an Order denying plaintiff's motion to reconsider the Order denying its motion for leave to file a second amended complaint. On August 17, 2005, plaintiff filed a motion for leave to appeal the ruling of the Magistrate Judge.

This case involves the purchase by plaintiff of AFCO Steel, Inc. from the defendants. AFCO Steel is the successor in interest to WWSC Acquisition Corporation, the former plaintiff in this action. Defendants (the Brown Family) together represented the ownership interests of all of the stock of AFCO as of July 31, 2002. Plaintiff contends, *inter alia*, that defendants defrauded plaintiff and breached their contractual obligations in connection with plaintff's purchase of defendants' share of AFCO. In particular, plaintiff contends that defendants made misrepresentations regarding the financial condition of AFCO.

Plaintiff's requested leave to amend was filed on July 11, 2005, over two years after filing its original complaint, four months after the deadline for amending pleadings, and the day after the discovery cutoff date. Defendants filed their motion for leave to amend their answer on June 13, 2005, before the discovery cutoff date.

Defendants state that the requests for leave to amend were prompted by the discovery of information that the projections prepared by Grady Harvell on June 25, 2005, were made known to plaintiff. According to defendants, plaintiff seeks to change the factual basis for its claims. Defendants state that plaintiff had contended that defendants had concealed certain projections prepared on June 25, 2002, by Grady Harvell, and that these projections had not been provided to plaintiff. However, on March 21, 2005, the Court's appointed expert for the retrieval of electronic data produced to plaintiff's counsel a disk containing e-mail traffic recovered from plaintiff's computers which revealed an June 25, 2005 e-mail from Harvell to plaintiff's vice president and chief financial officer J. Patrick Hare providing Harvell's projections. This e-mail was forwarded to plaintiff's president on June 26, 2002.

Defendants contend that plaintiff knew of the e-mail on March 21, 2005, or no later than April 20, 2005, when Hare admitted in his deposition that he saw the e-mail. Defendants state that they did not learn of the e-mail until April 23, 2005, after the April 1, 2005 deadline for amending pleadings had passed.

Defendants filed a motion for leave to amend to assert an affirmative defense based on plaintiff's breach of the confidentiality agreement which prohibited WWSC from communicating with AFCO employees without the express written consent of the Brown family. Defendants contended that the Harvell e-mail was an unauthorized secret communication which constituted a material breach of the confidentiality agreement and the stock purchase agreement. They filed their

motion for leave to amend soon after learning learned of the alleged breach of the confidentiality agreement.

While plaintiff filed a motion for leave to amend the complaint, it implied that the proposed amended complaint did not change its claims in any significant way. In its motion for leave to amend, plaintiff states: "Although plaintiff believes that the complaint as presently drafted adequately sets out the claims and causes asserted against the defendants, out of an abundance of caution, plaintiff seeks leave to amend its complaint to reflect the testimony of Fred I. Brown III and thereby clarify and expand upon the claims presented in this action." (Document No. 160, para. 8).

To further emphasize its point, plaintiff continues: "Additionally, the depositions of additional witnesses, including plaintiff's principals and key employees have been taken since the April 1, 2005 deadline. Again, although plaintiff strongly believes that the complaint as presently drafted adequately sets out the factual allegations and legal conclusions in this case, out of an abundance of caution plaintiff seeks leave to amend its complaint to comport its allegations, where necessary, with the testimony of these witnesses." (Document No. 160, para. 9).

The Magistrate Judge denied plaintiff's motion for leave to amend the complaint and granted defendants' motion for leave to amend its answer. In his Order from which plaintiff appeals, states: "It appears that granting Defendant's motion would sharpen the issues, while to grant Plaintiff's motion to file yet another complaint would portend a reopening of discovery in a case that is already within the gravitational pull of the trial date currently set of the week of October 3, 2005. Plaintiff's counsel candidly and commendably avers that the complaint in its present form 'adequately sets out the claims and causes asserted against the defendants.'" (Document No. 165).

In its appeal, plaintiff asserts that the ruling of the Magistrate Judge is clearly erroneous, contrary to law, unfairly prejudicial and beyond the scope of the Court's referral to the Magistrate Judge.   Plaintiff has not filed a brief in support of its request.

On October 7, 2004, the Court entered an Order referring the case to the Magistrate Judge for the handling of all pretrial motions. The Magistrate Judge had the authority to decide the motions to amend the pleadings. *See* Scott M. Smith, Annotation, *Civil Jurisdiction of Magistrates under Federal Magistrates Act of 1968 (28 U.S.C.A. §§ 631 et seq.)*, 128 ALR Fed. 115 (2005) (a motion to amend a complaint under Rule 15, constitutes a nondispositive motion under the Federal Magistrates Act)

Pursuant to  28 U.S.C § 636(b)(1)(A) and Local Rule 72.1(VII)(B), the Court shall affirm the Magistrate Judge's findings unless the Court finds the Magistrate Judge's findings to be clearly erroneous or contrary to the law.

The Court cannot find that the Magistrate Judge's Orders were erroneous. Although leave to amend should be freely given when justice requires, the granting of a motion to amend lies within the Court's sound discretion. *Ryan v. Sargent*, 962 F. 3d 638, 641 (8th Cir. 1992).    Here, plaintiff has not indicated that it would be prejudiced by the denial of the motion.   Plaintiff is the master of its complaint. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).  If it feels comfortable with the complaint as is, then there appears to be no reason for leave to amend to be granted at this late date, particularly in light of defendants' assertions of prejudice.

The Court cannot find that the Magistrate Judge's Order granting defendants' motion for leave to file an amended answer was clearly erroneous, contrary to law or unfairly prejudicial.  Defendants' motion was filed nearly one month prior to the

discovery deadline, and very soon after they learned of the Harvell e-mail. Although plaintiff stated in response to the motion for leave to amend that it would be prejudiced by the proposed amendment, it never really articulated what additional discovery it needed to conduct. Furthermore, as stated above, plaintiff has not filed a brief in support of its notice of appeal explaining why the Magistrate Judge's decision to allow defendants leave to amend should be reversed. .

This is a complex case with a voluminous record, consisting of thousands of pages. The Magistrate Judge is quite familiar with this case, having been handling pretrial matters since March 12, 2004. The Court cannot find that the Magistrate Judge's Orders are clearly erroneous or contrary to law.

In sum, the Court finds that the July 29, 2005, Order granting defendants' motion for leave to file a first amended answer to the amended complaint and denying plaintiff's motion for leave to file a second amended complaint and the August 15, 2005, Order denying plaintiff's motion to reconsider are not clearly erroneous or contrary to the law. The July 29th and August 15th decisions of the Magistrate Judge are hereby affirmed.

Accordingly, the motions for leave to appeal the ruling of the Magistrate Judge (document nos. 177 and 185) are denied.

IT IS SO ORDERED this15th day of September, 2005.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE